# EX. A

SECOND JUDICIAL COURT
2/20/2019 2:21 PM
RANDY POLLARD
CLERK OF THE CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

COPY

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ILLINOIS

| | | |
|---|---|---|
| VIVIAN WILLIAMS, | ) | 2019L15 |
| | ) | |
| Plaintiff, | ) | |
| | ) | AT LAW |
| v. | ) | |
| | ) | No. 18-L-_____ |
| PETER PANTHER, JR. and | ) | |
| SWIFT TRANSPORTATION | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I

Now comes the Plaintiff, VIVIAN WILLIAMS, by Sam C. Mitchell & Associates, her attorneys, and for Count I of her Complaint herein against the Defendant, PETER PANTHER, JR., states:

1.

At all times herein mentioned, Interstate 57 was a paved roadway running generally in an northerly and southerly direction in Mt. Vernon, Jefferson County, Illinois, at or near Mile Marker 95, and the said roadway was a public roadway.

2.

At all times herein mentioned, the Plaintiff, VIVIAN WILLIAMS, was driving and operating a Nissan automobile in a southerly direction on the said Interstate 57 at the aforesaid location.

COPY

-2-

3.

At all times herein mentioned, the Defendant, PETER PANTHER, JR., was driving and operating a Kenworth semi truck in a southerly direction on the said Interstate 57 and behind and to the rear of the Nissan automobile being driven and operated by the Plaintiff as stated hereinabove.

4.

On January 17, 2018 , at about 11:30 a.m., as the aforesaid vehicles were being driven and operated as stated hereinabove, the Defendant herein did then and there drive and propel the said Kenworth semi truck into, upon and against the rear of the Nissan automobile containing the Plaintiff herein.

5.

At the said time and place, the Defendant herein did then and there commit one or more of the following careless and negligent acts or omissions to act, thereby proximately causing, in whole or in part, the injuries and damages hereinafter stated:

a.  Failed to keep a proper lookout ahead of the Kenworth semi truck, when the Defendant knew or in the exercise of reasonable care should have known that someone would likely be injured thereby.

b.  Followed the vehicle containing Plaintiff more closely than was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon the roadway, contrary to the provisions of 625 ILCS 5/11-710(a).

c.  Failed to apply the brakes on the said Kenworth semi truck when it was reasonably necessary to do so in order to avoid the said collision, and when the Defendant knew or in the exercise of reasonable care should have known that someone would likely be injured thereby.

d.  Drove the said Kenworth semi truck at a rate of speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the roadway or so as to endanger the safety of persons or property thereon, including the Plaintiff herein, contrary to the provisions of 625 ILCS 5/11-601(a).

COPY

-3-

e.    Failed to reduce the speed of the said Kenworth semi truck when a special hazard existed with respect to other traffic, contrary to the provisions of 625 ILCS 5/11-601(a).

f.    Failed to reduce the speed of the said Kenworth semi truck as necessary to avoid colliding with the Plaintiff herein who was on the roadway in compliance with legal requirements and duty to use due care, contrary to the provisions of 625 ILCS 5/11-601(a).

g.    Failed to keep the said Kenworth semi truck under proper control when it was reasonably necessary to do so in order to avoid the said collision, and when the Defendant knew or in the exercise of reasonable care should have known that someone would likely be injured thereby.

6.

As a direct and proximate result, in whole or in part, of one or more of the foregoing careless and negligent acts or omissions to act, the Plaintiff herein was temporarily and permanently injured; a preexisting condition was aggravated and made worse as a result of the said injuries; Plaintiff has been prevented from engaging in her activities of normal life and will in the future be prevented from engaging in her activities of normal life; Plaintiff has and will in the future suffer great pain and suffering as a result of the said injuries; Plaintiff has and will in the future expend or incur large sums of money in endeavoring to become cured of the said injuries.

WHEREFORE, Plaintiff, VIVIAN WILLIAMS, prays judgment against the Defendant, PETER PANTHER, JR., in such sum as may be FAIR and JUST for the damages herein sustained, together with costs of suit.

VIVIAN WILLIAMS, Plaintiff

BY:  _____
     SAM C. MITCHELL & ASSOCIATES
     Attorneys for Plaintiff

COPY

-4-

## COUNT II

Now comes the Plaintiff, VIVIAN WILLIAMS, by Sam C. Mitchell & Associates, her attorneys, and for Count II of her Complaint herein against the Defendant, SWIFT TRANSPORTATION COMPANY, INC., states:

1-5.

Plaintiff repeats and realleges paragraphs 1 through 5, inclusive, of Count I of the Complaint herein as paragraphs 1 through 5, inclusive, of Count II as fully as if set forth verbatim herein.

6.

At all times herein mentioned, the Defendant, PETER PANTHER, JR., was driving and operating the said Kenworth semi truck as the agent, employee or servant of the Defendant, SWIFT TRANSPORTATION COMPANY, INC., and at all times herein mentioned, the said Defendant was acting within the scope of his agency or employment.

7.

As a direct and proximate result, in whole or in part, of one or more of the foregoing careless and negligent acts or omissions to act, the Plaintiff herein was temporarily and permanently injured; a preexisting condition was aggravated and made worse as a result of the said injuries; Plaintiff has been prevented from engaging in her activities of normal life and will in the future be prevented from engaging in her activities of normal life; Plaintiff has and will in the future suffer great pain and suffering as a result of the said injuries; Plaintiff has and will in the future expend or incur large sums of money in endeavoring to become cured of the said injuries.

COPY

-5-

WHEREFORE, Plaintiff, VIVIAN WILLIAMS, prays judgment against the Defendant,

SWIFT TRANSPORTATION COMPANY, INC., in such sum as may be FAIR and JUST for

the damages herein sustained, together with costs of suit.

VIVIAN WILLIAMS, Plaintiff

BY: _____

SAM C. MITCHELL & ASSOCIATES
Attorneys for Plaintiff

TO THE CIRCUIT CLERK:

1. Plaintiff demands a jury of 6 herein.

Sam C. Mitchell & Associates
Attorneys at Law
P.O. Box 280
West Frankfort, IL  62896
618/932-2772 ac
admin@scmitchell.com

**COPY**

STATE OF ILLINOIS )
                             )    SS.:
COUNTY OF FRANKLIN )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

1.

The Undersigned Plaintiff, in accordance with Supreme Court Rule 222(b), states that the total amount of damages sought in this case exceeds $50,000.

2.

Under penalties as provided by law pursuant S.H.A. 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the things contained in the foregoing instrument are true.

_Vernon Williams_

SUBSCRIBED and SWORN to before me this

20th day of February , 2019

_Amy Cutsinger_
NOTARY PUBLIC

OFFICIAL SEAL
AMY CUTSINGER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/04/23

COPY

SECOND JUDICIAL COURT
5/7/2019 10:53 AM
RANDY POLLARD
CLERK OF THE CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ILLINOIS

VIVIAN WILLIAMS,                )
                                )
        Plaintiff,              )
                                )      AT LAW
    v.                          )
                                )      No. 19-L-15
PETER PANTHER, JR. and          )
SWIFT TRANSPORTATION            )
COMPANY, INC.                   )
                                )
        Defendants.            )

RECEIVED
APR 22 2019
BY: 142165

### SECOND ALIAS SUMMONS

To each defendant:   Peter Panther, Jr., 1010 N. Frazier Road, Mebane, NC  27302

Your are summoned and require to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, Jefferson County Courthouse, Mt. Vernon, Illinois, within 30 days after the service of this summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer: **Sheriff of Orange County**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service.  If service cannot be made, summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS _4/17/2019_____, 2019

_Randy Pollard_
(Clerk of the Circuit Court)

By: _____
            (Deputy)

SAM C. MITCHELL & ASSOCIATES
Attorneys for Plaintiff
115 East Main Street, P.O. Box 280
West Frankfort, IL  62896
(618) 932-2772

_Patrick Panther._

4/25/19 No one come 2dwa c-24
4/24    No H  c-24
100

**COPY**

|                    |                                                    |
|--------------------|----------------------------------------------------|
|                    | Service and return... .........................$_____ |
| **SHERIFF'S FEES** | Miles _____   ..........................   _____ |
|                    | Total ....................   ........................$_____ |

_____

Sheriff of _____County

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

|         Name of defendant         |         Date of Service         |
|-----------------------------------|---------------------------------|
| _____ | _____ |

**(b) – (Individual defendants – abode):**

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of Service | Date of Mailing |
|-------------------|-----------------------|-----------------|-----------------|
| Peter Panther     | Patrick Panther       | BCS 5/1/19 1:46 pm HRS. | _____ |

**(c) – (Corporation defendants):**

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of Service |
|-----------------------|------------------------------------|-----------------|
| _____ | _____  | _____  |

**(d) – (Other service):**

C.S. Blackwood , Sheriff of Orange County

By _____, Deputy

#6259

B.C. SYKES

FILED
SECOND JUDICIAL COURT
4/17/2019 10:27 AM
RANDY POLLARD
CLERK OF THE CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ILLINOIS

| | | |
|---|---|---|
| VIVIAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | AT LAW |
| v. | ) | |
| | ) | No. 19-L-15 |
| PETER PANTHER, JR. and | ) | |
| SWIFT TRANSPORTATION | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO AMEND PLAINTIFF'S COMPLAINT

Now comes Plaintiff, VIVIAN WILLIAMS, by Sam C. Mitchell & Associates, her attorneys, and hereby requests an Order amending Plaintiff's Complaint by amending a misnomer in the naming of the Defendant from SWIFT TRANSPORTATION COMPANY, INC. to SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, as indicated in the attached proposed First Amended Complaint.

VIVIAN WILLIAMS, Plaintiff

BY: _____
SAM C. MITCHELL & ASSOCIATES
Attorneys for Plaintiff

Sam C. Mitchell & Associates, Attorneys at Law, 115 East Main, PO Box 280, West Frankfort, IL 62896, 618/932-2772 or 800/917-1771, admin@scmitchell.com LB/ac

**COPY**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ILLINOIS

VIVIAN WILLIAMS,               )
                               )
    Plaintiff,                 )
                               )       AT LAW
    v.                         )
                               )       No. 19-L-15
PETER PANTHER, JR. and         )
SWIFT TRANSPORTATION           )
COMPANY, INC.                  )
                               )
    Defendants.                )

**FILED**

SECOND JUDICIAL COURT

APR 3 0 2019

CLERK OF CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

<u>ORDER</u>

Now on this _30_ day of _April_, 2019, this cause comes on for hearing on

Motion to Amend Plaintiff's Complaint and the court being fully advised in the premises;

WHEREFORE it is the Order of this Court that said Motion be granted, and the attached

Proposed First Amended Complaint hereby be filed with the Court instanter

JUDGE

COPY

FILED
SECOND JUDICIAL COURT
4/17/2019 10:27 AM
RANDY POLLARD
CLERK OF THE CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ILLINOIS

VIVIAN WILLIAMS,                    )
                                    )
        Plaintiff,                  )
                                    )        AT LAW
    v.                              )
                                    )        No. 19-L-15
PETER PANTHER, JR. and              )
SWIFT TRANSPORTATION                )
CO. OF ARIZONA, LLC.,               )
                                    )
        Defendants.                 )

**FILED**
SECOND JUDICIAL COURT
APR 3 0 2019

*Nancy Peller*
CLERK OF CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

### FIRST AMENDED COMPLAINT

### COUNT I

Now comes the Plaintiff, VIVIAN WILLIAMS, by Sam C. Mitchell & Associates, her attorneys, and for Count I of her Complaint herein against the Defendant, PETER PANTHER, JR., states:

1.

At all times herein mentioned, Interstate 57 was a paved roadway running generally in an northerly and southerly direction in Mt. Vernon, Jefferson County, Illinois, at or near Mile Marker 95, and the said roadway was a public roadway.

2.

At all times herein mentioned, the Plaintiff, VIVIAN WILLIAMS, was driving and operating a Nissan automobile in a southerly direction on the said Interstate 57 at the aforesaid location.

COPY

-2-

**3.**

At all times herein mentioned, the Defendant, PETER PANTHER, JR., was driving and operating a Kenworth semi truck in a southerly direction on the said Interstate 57 and behind and to the rear of the Nissan automobile being driven and operated by the Plaintiff as stated hereinabove.

**4.**

On January 17, 2018 , at about 11:30 a.m., as the aforesaid vehicles were being driven and operated as stated hereinabove, the Defendant herein did then and there drive and propel the said Kenworth semi truck into, upon and against the rear of the Nissan automobile containing the Plaintiff herein.

**5.**

At the said time and place, the Defendant herein did then and there commit one or more of the following careless and negligent acts or omissions to act, thereby proximately causing, in whole or in part, the injuries and damages hereinafter stated:

a.   Failed to keep a proper lookout ahead of the Kenworth semi truck, when the Defendant knew or in the exercise of reasonable care should have known that someone would likely be injured thereby.

b.   Followed the vehicle containing Plaintiff more closely than was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon the roadway, contrary to the provisions of 625 ILCS 5/11-710(a).

c.   Failed to apply the brakes on the said Kenworth semi truck when it was reasonably necessary to do so in order to avoid the said collision, and when the Defendant knew or in the exercise of reasonable care should have known that someone would likely be injured thereby.

d.   Drove the said Kenworth semi truck at a rate of speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the roadway or so as to endanger the safety of persons or property thereon, including the Plaintiff herein, contrary to the provisions of 625 ILCS 5/11-601(a).

COPY

-3-

e.   Failed to reduce the speed of the said Kenworth semi truck when a special hazard existed with respect to other traffic, contrary to the provisions of 625 ILCS 5/11-601(a).

f.   Failed to reduce the speed of the said Kenworth semi truck as necessary to avoid colliding with the Plaintiff herein who was on the roadway in compliance with legal requirements and duty to use due care, contrary to the provisions of 625 ILCS 5/11-601(a).

g.   Failed to keep the said Kenworth semi truck under proper control when it was reasonably necessary to do so in order to avoid the said collision, and when the Defendant knew or in the exercise of reasonable care should have known that someone would likely be injured thereby.

6.

As a direct and proximate result, in whole or in part, of one or more of the foregoing careless and negligent acts or omissions to act, the Plaintiff herein was temporarily and permanently injured; a preexisting condition was aggravated and made worse as a result of the said injuries; Plaintiff has been prevented from engaging in her activities of normal life and will in the future be prevented from engaging in her activities of normal life; Plaintiff has and will in the future suffer great pain and suffering as a result of the said injuries; Plaintiff has and will in the future expend or incur large sums of money in endeavoring to become cured of the said injuries.

WHEREFORE, Plaintiff, VIVIAN WILLIAMS, prays judgment against the Defendant, PETER PANTHER, JR., in such sum as may be FAIR and JUST for the damages herein sustained, together with costs of suit.

VIVIAN WILLIAMS, Plaintiff

BY: _____

SAM C. MITCHELL & ASSOCIATES
Attorneys for Plaintiff

COPY

-4-

## COUNT II

Now comes the Plaintiff, VIVIAN WILLIAMS, by Sam C. Mitchell & Associates, her attorneys, and for Count II of her Complaint herein against the Defendant, SWIFT TRANSPORTATION CO. OF AIRZONA, LLC, states:

### 1-5.

Plaintiff repeats and realleges paragraphs 1 through 5, inclusive, of Count I of the Complaint herein as paragraphs 1 through 5, inclusive, of Count II as fully as if set forth verbatim herein.

### 6.

At all times herein mentioned, the Defendant, PETER PANTHER, JR., was driving and operating the said Kenworth semi truck as the agent, employee or servant of the Defendant, SWIFT TRANSPORTATION CO. OF AIRZONA, LLC, and at all times herein mentioned, the said Defendant was acting within the scope of his agency or employment.

### 7.

As a direct and proximate result, in whole or in part, of one or more of the foregoing careless and negligent acts or omissions to act, the Plaintiff herein was temporarily and permanently injured; a preexisting condition was aggravated and made worse as a result of the said injuries; Plaintiff has been prevented from engaging in her activities of normal life and will in the future be prevented from engaging in her activities of normal life; Plaintiff has and will in the future suffer great pain and suffering as a result of the said injuries; Plaintiff has and will in the future expend or incur large sums of money in endeavoring to become cured of the said injuries.

COPY

-5-

WHEREFORE, Plaintiff, VIVIAN WILLIAMS, prays judgment against the Defendant, SWIFT TRANSPORTATION CO. OF AIRZONA, LLC, in such sum as may be FAIR and JUST for the damages herein sustained, together with costs of suit.

VIVIAN WILLIAMS, Plaintiff

BY: _____

SAM C. MITCHELL & ASSOCIATES
Attorneys for Plaintiff

TO THE CIRCUIT CLERK:

1.  Plaintiff demands a jury of 6 herein.

Sam C. Mitchell & Associates
Attorneys at Law
P.O. Box 280
West Frankfort, IL  62896
618/932-2772 ac
admin@scmitchell.com